UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ALTER, by and through his brother and guardian ad litem, MARK ALTER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>Defendant. | Case No.:  21-cv-01709-BLM<br><br>**ORDER GRANTING MOTION FOR ORDER APPROVING SETTLEMENT INVOLVING INCOMPETENT ADULT AND DISTRIBUTION OF SETTLEMENT FUNDS** |

Currently before the Court is Plaintiff's Motion for Order Approving Settlement Involving Incompetent Adult and Distribution of Settlement Funds ("Motion"). ECF No. 30. After reviewing the Motion and all supporting documents, and for the reasons discussed below, the Court **GRANTS** the Motion.

## BACKGROUND

On September 30, 2021, Plaintiff[1] ("Mr. Alter") filed the operative Complaint in this matter, alleging claims for Municipal Liability – Unlawful Policies and Practices under 42 U.S.C. § 1983, and Professional Negligence. ECF No. 1. On October 4, 2021, Mr. Alter filed an unopposed motion to appoint Plaintiff's brother, Mark Alter, as Mr. Alter's guardian ad litem in

---

[1] Plaintiff Alan Alter is a 72-year-old incompetent adult who resides in San Diego County, California. Complaint at 2.

this action. ECF No. 5. A guardian ad litem was necessitated due to Mr. Alter's severe, long term mental disorder. Id. at 2. On October 5, 2021 District Judge Gonzalo P. Curiel granted Mr. Alter's motion to appoint Mark Alter to be Mr. Alter's guardian ad litem. ECF No. 6.

On April 26, 2023, Mr. Alter filed a Notice of Settlement. ECF No. 26. On May 26, 2023, Mr. Alter filed the instant unopposed Motion seeking approval of the proposed settlement and distribution of funds. Motion. On April 28, 2023, the instant case was referred to the undersigned magistrate judge for review of the proposed settlement, and on May 2, 2023, the Court set a hearing on the Motion. ECF Nos. 28 & 29. On June 6, 2023, the Court presided over the hearing and obtained additional and updated information regarding the Motion and proposed settlement. ECF No. 32. On June 8, 2023 the parties filed a joint Notice, Consent, and Reference of a Civil Action to a Magistrate Judge stipulating to the jurisdiction of the undersigned Judge. ECF No. 31.

## **FACTUAL BASIS**

The parties are familiar with the facts underlying this case and the Court adopts the facts as set forth in Mr. Alter's Motion. See Motion. The Court accepts the summary provided by Mr. Alter's counsel that "Plaintiff, Alan Alter, is a 73 year-old veteran who has severe mental illness that dates back to 1975 when he was discharged from the Marine Corps after serving in combat in Vietnam." Motion at 5.

On May 13, 2021, The Superior Court for the County of San Diego conducted a hearing in which Mr. Alter was found to be "gravely disabled." Motion at 7.

## **LEGAL STANDARD**

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors or incompetents in civil litigation. Federal Rule of Civil Procedure ("Fed R. Civ. P.") 17(c) (district courts "must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in the action."); see also Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011)[2]. "In the context of proposed

---

[2] The Court will apply the standard identified in Robidoux even though Robidoux involved a

settlements in suits involving [incompetent] plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the [incompetent person].'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interest are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*."). To facilitate the Court in satisfying the duty to safeguard, Civil Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). This requires the Court to determine if the settlement is in the best interests of the incompetent and to consider not only the fairness of the amount of the settlement, but the structure and manner of distribution of the assets for the benefit of the incompetent.

The Ninth Circuit established that courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Robidoux, 638 F.3d 1181-82. They should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the

---

minor because for this analysis, the terms "minor" and "incompetent person" are interchangeable. Banuelos v. City of San Bernardino, 2018 WL 6131190, at *2 (C.D. Cal., Apr. 26, 2018) (citing Mugglebee v. Allstate Ins. Co., 2018 WL 1410718, at *2 (S.D. Cal., Mar. 21, 2018) (applying Robidoux to a case involving an incompetent plaintiff); see also G.C. BY and Through Clark v. San Diego Unified School District, 2021 WL 3630112, at *2 (S.D. Cal., Aug. 17, 2021) (District courts have extended the Robidoux inquiry to cases involving the approval of an incompetent plaintiff's settlement") (citing Banuelos, 2018 WL 613190 at *2; Mugglebee, 2018 WL 1410718 at *2; Smith v. City of Stockton, 185 F.Supp.3d 1242 (E.D. Cal. 2016).

settlement as proposed by the parties." Robidoux, 638 F.3d at 1182.

The Ninth Circuit limited its decision in Robidoux to "cases involving the settlement of a minor's federal claims." Id. at 1181-82 (emphasis added). Where a settlement involves state law, federal courts are generally guided by state law rather than Robidoux. J.T. by & Through Wolfe v. Tehachapi Unified Sch. Dist., 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). See also A.M.L. v. Cernaianu, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014) (collecting cases). The court in A.M.L. noted that, although federal courts generally require claims by minors to "be settled in accordance with applicable state law," the Ninth Circuit in Robidoux held such an approach "places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs." Id. at *2 (quoting Robidoux, 638 F.3d at 1181) (other citation omitted). But see Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) ("[A] number of district courts have applied the rule provided in Robidoux to evaluate the propriety of a settlement of a minor's state law claims as well") (collecting cases).

The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. See Cal. Prob. Code §§ 3601 et seq. Under California law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. A.M.L. 2014 WL 12588992, at *3 (citations omitted). The Court is afforded "broad power … to authorize payment from the settlement – to say who and what will be paid from the minor's money – as well as direct certain individuals to pay it." Goldberg v. Superior Court, 23 Cal.App.4th 1378, 1382 (Cal. Ct. App. 1994); see also Pearson v. Superior Court, 136 Cal.Rptr.3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

//
//

## DISCUSSION

### A. Proposed Settlement

The proposed settlement requires The County to pay seven hundred and sixty thousand dollars ($760,000.00) for the benefit of Mr. Alter. Mr. Alter's counsel explained that the settlement amount would be divided as follows: $253,333.33 for the attorney's fees (approximately 33.333% of the total settlement amount) and $506,666.67 (the remainder of the settlement amount) to Mr. Alter. Motion at 8. Approximately $56,666.67 will be directly deposited into Mr. Alter's Special Needs Trust for the benefit of Mr. Alter. Id. The remaining $450,000.00 will be used to purchase one or more structured settlement annuities to provide monthly income for the benefit of Mr. Alter. Id. at 11.

The first issue is whether the terms of the settlement, including the net distribution to Mr. Alter, are fair and reasonable. Given the unique facts of this case, Mr. Alter and the Court have been unable to locate any similar cases that could provide guidance on the reasonableness of the settlement amount. However, the Court finds the settlement fair and reasonable based on the following analysis.

First, the facts underlying this case are unusual, and liability, causation, and damages were intensely disputed. The County raised significant legal challenges to Mr. Alter's Complaint including statute of limitations and statutory immunity. Both arguments presented obstacles that could have foreclosed any recovery for Mr. Alter. Even if Mr. Alter were to prevail in the trial court, it is likely that this case would have been appealed due to the novelty of the facts and legal issues. The settlement alleviates the risk of both zero recovery should Mr. Alter not prevail at trial, and a potential years-long legal battle. Mr. Alter is 74 years-old and protracted litigation presents the risk that he may pass away without receiving any funds. Another significant challenge raised by The County concerned causation and damages. The County argued that Mr. Alter needed to be housed in a psychiatric facility due to his medical condition regardless of any errors by The County. This argument also had the potential to eliminate or greatly reduce any recovery by Mr. Alter, and also may have resulted in an appellate challenge. Based upon the uncertainties and challenges, the Court finds that the proposed net distribution to Mr. Alter is

reasonable and weighs in favor of the settlement being fair and reasonable.

Second, the net payment to Mr. Alter will provide him with additional amenities that will improve his life.[3] More than $50,000 will immediately be made available to Mr. Alter via his Special Needs Trust and the remaining money will be used to fund a structured settlement annuity that will provide Mr. Alter with monthly income of approximately $4,011.54, guaranteed for at least 12 years. See ECF No. 30-4 at Exh. A; see also ECF No. 30-3, Declaration of Attorney Michael R. Marrinan in Support for Approval of Settlement Involving Incompetent Adult and Distribution of Settlement Funds ("Marrinan Decl.") at 2. The initial settlement payment and monthly annuity payments may only be used to benefit Mr. Alter during his lifetime so this is a significant benefit to him. Motion at 12. As discussed above, the fact that Mr. Alter will receive the settlement funds immediately as opposed to after a trial and/or appeal (or receiving no money if Mr. Alter is unsuccessful at trial) is a significant benefit to him. The settlement money will improve Mr. Alter's quality of life for the remainder of his expected lifetime, which favors finding that it is fair and reasonable.

Finally, while not determinative, counsel and guardian ad litem for Mr. Alter believe that the net settlement amount is fair and reasonable. See ECF 30-2, Declaration of Guardian Ad Litem Mark Alter in Support of Motion for Approval of Settlement Involving Incompetent Adult and Distribution of Settlement Funds ("Alter Decl.") at ¶ 6; see also ECF 30-3, Marrinan Decl. at ¶ 5.

Based upon all of the evidence and information, the Court finds that the net amount being provided to Mr. Alter is fair and reasonable, given the legal and factual issues involved in the case, and the undoubted benefit the settlement sum will have on Mr. Alter's quality and enjoyment of life.

B. Attorney's Fees and Costs

In addition to assessing whether the settlement is fair and reasonable, the Court must

---

[3] Counsel for Mr. Alter explained that Mr. Alter's basic living expenses are covered so the settlement funds will be used to buy items or services that will improve his quality of life such as a nicer bed or television, or new clothes or other items that he needs or wants.

approve the attorney's fees and costs to be paid for representation of an incompetent person. See Cal. Prob. Code § 3601; Cal. Rule of Ct. 7.955.[4] To determine whether a request for attorney's fees is reasonable, the Court may consider factors such as the

> (1) The fact that a minor person with a disability is involved and the circumstances of that minor person with a disability. (2) The amount of the fee in proportion to the value of the services performed. (3) The novelty and difficulty of the questions involved and the skills required to perform the legal services properly. (4) The amount involved and the results obtained. (5) The time limitations or constraints imposed by the representative of the minor or person with a disability or by the circumstances. (6) The nature and length of the professional relationship between the attorney and the representative of the minor or person with a disability. (7) The experience, reputation, and ability of the attorney or attorneys performing the legal services. (8) The time and labor required. (9) The informed consent of the representative of the minor or person with a disability of the fee. (10) The relative sophistication of the attorney and the representative of the minor or person with a disability. (11) The likelihood, if apparent to the representative of the minor or person with a disability when the representative agreement was made, that the attorney's acceptance of the particular employment would preclude other employment. (12) Whether the fee is fixed, hourly, or contingent. (13) If the fee is contingent: (A) The risk of loss borne by the attorney; (B) The amount of costs advanced by the attorney; and (C) The delay in payment of fees and reimbursement of costs paid by the attorney. (14) Statutory requirements for representation agreements applicable to particular cases of claims.

See California Rules of Court 7.955(b).

Mr. Alter's attorneys are seeking $253,333.33, which is thirty-three and one third percent (33.333%) of the gross recovery. Motion at 8-11. In support of the request, Mr. Alter's counsel states that Michael Marrinan has been practicing for over 40 years, primarily handling civil rights litigation. Joseph McMullen has been practicing for over 16 years as both a criminal defense and civil rights litigator. Thomas Robertson has been practicing for over 14 years as a civil rights litigator and appellate attorney. Id. at 10. This case has involved over 400 hours of legal work since 2021. Id. at 11. Mr. Alter's counsel reviewed thousands of pages of documents and court records relating to Mr. Alter's court files, prison records, jail records, and state hospital records going back as far as 1987. Id. at 3-4. This case was legally and factually complex and as stated above, involved hundreds of hours of research and litigation. Id. at 8.

---

[4] Similarly, San Diego Superior Court Civil Rule 2.4.6.2 states that, regarding a minor's compromise, "the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement."

Further, Mr. Alter's brother and guardian ad litem has consented to the settlement amount, distribution, and the attorney's fees to Mr. Alter's counsel. Id. at 10-11; see also ECF 30-2, Alter Decl. at ¶ 6.

Mr. Alter's attorneys and guardian ad litem, Mark Alter, executed a retainer agreement which provides that counsel would receive forty (40%) of the gross settlement amount. Id. at 8. As a part of the proposed settlement, Mr. Alter's counsel agreed to reduce their recovery to thirty-three and one third percent (33.333%) of the net settlement amount. Id. ("This motion requests approval for attorney fees of 33 1/3% of the gross settlement amount, which counsel for Plaintiff has reduced from 40%").

Given the extensive experience of Mr. Alter's attorneys, the length of the litigation, the difficult and complex legal and factual issues raised in the litigation, and the significant success achieved by counsel, the Court finds that counsel's requested attorney's fee award of $253,333.33, which is thirty-three and one third (33.333%) of Mr. Alter's settlement, is reasonable.

## C. Method of Disbursement

Pursuant to CivLR 17.1(b)(1), any money recovered by an incompetent who resides in California must be disbursed in accordance with the California Probate Code, regardless of whether the incompetent's claims arise under state or federal law. Courts may use a wide variety of methods for the disbursement of settlement funds to an incompetent. See Cal. Prob. Code § 3600 et. seq. Specifically,

> the court making the order or giving the judgment referred to in Section 3600 shall, upon application of counsel for the minor or person with a disability, order any one or more of the following:
>
> (a) That a guardian of the estate or conservator of the estate be appointed and that the remaining balance of the money and other property be paid or delivered to the person so appointed.
>
> (b) That the remaining balance of any money paid or to be paid be deposited in an insured account in a financial institution in this state, or in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court, and that the remaining balance of any other property delivered or to be delivered be held on conditions the court determines to be in the best interest of the minor or person with a disability.

(c) After hearing by the court, that the remaining balance of any money and other property be paid to a special needs trust established under Section 3604 for the benefit of the minor or person with a disability. Notice of the time and place of the hearing and a copy of the petition shall be mailed to the State Director of Health Care Services, the Director of State Hospitals, and the Director of Developmental Services at the office of each director in Sacramento at least 15 days before the hearing.

[]

(i) That the remaining balance of the money and other property be paid or delivered to the person with a disability.

Prob. Code § 3611.

As discussed above and during the hearing, the parties are working with Manuel R. Valdez, a Certified Structured Settlement Consultant, to find a structured settlement annuity (or annuities) with the goal of providing monthly income that will enhance Mr. Alter's quality and enjoyment of life for the remainder of his lifetime. Motion at 11; see also ECF 30-3, Marrinan Decl. at ¶ 3. The settlement provides $450,000.00 to fund the structured settlement annuity. Motion at 11. While the terms are not yet finalized, Mr. Valdez has identified an annuity that will provide guaranteed payments of $4,011.54 for twelve (12) years for the benefit of Mr. Alter. See ECF No. 30-4 at Exh. A; see also ECF 30-3, Marrinan Decl. at ¶ 3.

Mr. Alter's counsel and guardian ad litem have consulted with and intend to retain the services of Secured Futures to establish a Special Needs Trust for the benefit of Mr. Alter. Motion at 11. Approximately $56,666.67 of the settlement money will be immediately deposited into the Special Needs Trust for the benefit of Mr. Alter. Id. This will preserve Mr. Alter's Medi-Cal benefits that currently pay for his living and other expenses. Id. All subsequent annuity payments also will be placed directly into the Special Needs Trust, for the benefit of Mr. Alter. Id. at 12. Any disbursement of the funds from the Special Needs Trust may only be made with the approval of the trustee of the Trust, and only for the direct benefit of Mr. Alter, under government guidelines.

In light of the above, the Court finds that the proposed annuity or annuities and the use of the Special Needs Trust created and administered by Secured Futures are appropriate and in the best interest of Mr. Alter.

## **CONCLUSION**

After conducting an independent inquiry and evaluation of the proposed settlement, the Court finds that the proposed settlement is fair, reasonable, and in the best interests of Mr. Alter, given the factual and legal issues involved in the case. See Robidoux et al. 638 F.3d at 1181-82 (holding that district courts should limit the scope of their review of a compromise or settlement of a minor's claims "to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim"). The Court also finds that the proposed attorney's fees are fair and reasonable. Finally, the Court finds that the method of distribution, including the use of Secured Futures, is fair, reasonable, and in the best interest of Mr. Alter.

Plaintiff's Motion for Order Approving Settlement Involving Incompetent Adult and for Distribution of Settlement Funds is hereby **GRANTED** in its entirety.

**IT IS SO ORDERED.**

Dated: 6/22/2023

Hon. Barbara L. Major
United States Magistrate Judge